IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY E. YOUNG, JR., # Y-27585, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1447-SMY |
| | ) |
| DR. SHAH, | ) |
| C/O WISE, | ) |
| MRS. WEAVER, | ) |
| and WEXFORD HEALTH SOURCES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Larry E. Young, Jr., currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims the defendants were deliberately indifferent to his safety and medical needs. Plaintiff's Complaint (Doc. 1) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: On March 3, 2018, C/O Wise moved Plaintiff to a new cell at Lawrence. (Doc. 1, p. 5). Plaintiff gave Wise his low bunk/low gallery permit. The inmate already occupying the cell also had a low bunk permit, and Plaintiff informed Wise of the conflict. Wise promised to move Plaintiff again to accommodate the permit, but never took any action to do so. (Doc. 1, pp. 5, 9-12).

Later that day, Plaintiff (who is diabetic) felt light headed and dizzy after he was not given his insulin and Food Supervisor McVey refused to give him a diabetic snack.[1] Plaintiff took a nap on the top bunk of his cell. When he attempted to climb down from the bunk at about 9:00 p.m., he fell and hit his head, shoulder, and hip. (Doc. 1, p. 6). Plaintiff was admitted to the infirmary, where he remained for a day and a half. X-rays were taken, and Plaintiff was referred to the doctor. He continues to have headaches and difficulty sleeping, as well as pain and stiffness from the fall. *Id.*

At an undetermined time, Plaintiff went to Mrs. Weaver (who runs the placement office) regarding his cell assignment. (Doc. 1, p. 4). Plaintiff was moved to a "proper placement" at some point after the incident. *Id.*

On March 15, 2018, Plaintiff saw Dr. Shah, who advised him to exercise and to try to lose weight. (Doc. 1, pp. 7, 13-16). Dr. Shah rudely cut Plaintiff off and told him to shut up when Plaintiff tried to tell Shah about his injuries from the fall.

Plaintiff alleges that he "did not receive proper health care treatment for [the] fall," but provides no further detail. (Doc. 1, p. 4). He seeks monetary damages. (Doc. 1, p. 8).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro*

---
[1] Plaintiff does not include McVey or the individual who failed to provide insulin as Defendants.

*se* action into the following Counts:

> **Count 1:** Eighth Amendment claim against Wise and Weaver, for deliberate indifference to Plaintiff's need to be housed in a low bunk and low gallery, in accordance with his medical permit;
>
> **Count 2:** Eighth Amendment claim against Dr. Shah, for treating Plaintiff rudely, offensively, and disrespectfully when Plaintiff sought medical treatment on March 15, 2018, and against Dr. Shah and Wexford Health Sources for failing to properly treat his injuries.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

Count 1 may proceed for further consideration against Wise. However, Count 2 and the remaining defendants will be dismissed without prejudice from the action pursuant to § 1915A.

### Count 1 – Cell Placement

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Here, Plaintiff had been given a permit to be housed in a lower bunk on a low gallery,

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

due to his medical condition(s). Therefore, it can be presumed that Plaintiff's physical safety would be jeopardized if he were required to climb up to and descend from a top bunk. These facts may satisfy the objective component of an Eighth Amendment claim – that assigning Plaintiff to a top bunk placed him at an excessive risk of injury. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Plaintiff told Wise about his permit and the fact that the low bunk in his new cell was already occupied by another inmate with a low bunk permit. These allegations suggest that Wise knew about the risk Plaintiff faced, yet took no action to correct the situation. This failure to act may demonstrate that Wise was deliberately indifferent to the risk to Plaintiff's safety. On the other hand, further factual development may show that Wise was merely negligent, which does not amount to a constitutional violation. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). At this early stage, Plaintiff's claim in Count 1 against Wise survives review under § 1915A, and shall proceed.

Weaver, however, will be dismissed from this claim without prejudice. The Complaint does not include any facts indicating that Weaver had any involvement in placing Plaintiff in the new cell, or that she was informed about his low bunk/low gallery permit. Plaintiff mentions Weaver only to say that he went to her at some point after Wise placed him in the new cell. (Doc. 1, p. 4). This allegation is insufficient to state a deliberate indifference claim against Weaver.

### Dismissal of Count 2 – Deliberate Indifference to Medical Needs

"A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm

to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's injuries from his fall satisfy the objective requirement. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). However, the Complaint falls short of suggesting that any individual was deliberately indifferent to Plaintiff's need for medical care for his injuries. While Plaintiff generally claims that he did not receive proper treatment (Doc. 1, p. 4), his factual statement demonstrates that he was promptly taken to the infirmary for treatment after he fell, and that x-rays were taken. (Doc. 1 p. 6). He does not reference any unsuccessful attempts to obtain treatment or any other failure to attend to his medical needs.

Plaintiff's only complaints about Dr. Shah are that the doctor was rude, offensive, unprofessional, and disrespectful. (Doc. 1, pp. 7, 15). As unpleasant as it may be, this behavior does not violate Plaintiff's constitutional rights. Plaintiff does not include any facts suggesting that Dr. Shah failed to treat his injuries or was otherwise deliberately indifferent to his condition. He merely states that he does not wish to be treated by Dr. Shah due to his unprofessional behavior. (Doc. 1, p. 7). Thus, the deliberate indifference claim against Dr. Shah in Count 2 will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff includes Wexford Health Sources ("Wexford") as a Defendant (Doc. 1, pp. 1, 2), but fails to mention Wexford at all in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). When a plaintiff has not

included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). For this reason, Wexford will be dismissed from the action without prejudice.

Additionally, Wexford cannot be held liable in a civil rights action simply because it employs Dr. Shah and provides medical care at the prison. Rather, a corporation such as Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Here, Plaintiff has not articulated a viable deliberate indifference claim against a Wexford medical employee, much less set forth any facts suggesting that a Wexford policy or practice caused any deliberate indifference. Accordingly, **Count 2**, as well as Dr. Shah and Wexford Health Sources, will be dismissed from this action without prejudice.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) and his recently-submitted Prisoner Trust Fund Account Statement (Doc. 8) demonstrate that he is indigent. A separate order shall be entered granting this motion and ordering payment of the $350.00 filing fee in installments according to 28 U.S.C. § 1915(b).

Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006

(7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866-67 (7th Cir. 2013).

Plaintiff does not describe any efforts he has made to recruit counsel on his own, thus he fails to satisfy the requirement that he make reasonable attempts to do so. (Doc. 3, p. 1). *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If Plaintiff submits a new motion for recruitment of counsel, he should attach copies of correspondence from at least 3 lawyers or law firms whom he has contacted in an effort to secure legal representation, in order to demonstrate a reasonable attempt to seek counsel.

The Court must also consider "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). Plaintiff is a high school graduate. (Doc. 3, p. 3). He does not list any reasons why he believes that he is unable to represent himself, but does state that he suffers from PTSD, panic and anxiety attacks, depression, and paranoia, and lists a number of prescription medications he is taking. (Doc. 3, p. 2). At this early stage, the Court is satisfied that Plaintiff is competent to litigate this matter on his own. He has coherently presented his claims and relevant facts, and included supporting documents. The Court will remain open to appointing counsel as the case progresses.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which

relief may be granted.

Defendants **SHAH, WEAVER,** and **WEXFORD HEALTH SOURCES** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **WISE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 29, 2018**

    s/ STACI M. YANDLE
**U.S. District Judge**