# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY E. YOUNG, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-1447-RJD |
| LANCE WISE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment (Doc. 31) filed by Defendant. Plaintiff failed to timely file a response. For the following reasons, Defendant's motion is **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Larry Young, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Following threshold review, Plaintiff proceeds on the following claim:

> **Count 1:** Eighth Amendment claim against Wise for deliberate indifference to Plaintiff's need to be housed in a low bunk and low gallery, in accordance with his medical permit.

Defendant filed a motion for summary judgment arguing he was not deliberately indifferent to Plaintiff's serious medical needs, he was not personally involved in any alleged deprivation of Plaintiff's Eighth Amendment rights, and he is entitled to qualified immunity. Plaintiff failed to timely respond to the motion. Pursuant to Local Rule 7.1(c), the Court considers Plaintiff's failure to respond an admission of the merits of the motion.

On March 3, 2018, Plaintiff was transferred from Cell House 1, Lower Level 13, Low Bunk to Cell House 8, Upper Gallery 9, Upper Bunk (Plaintiff's Deposition, Doc. 31-1 at 3). Plaintiff was issued a low bunk/low gallery permit from a doctor at Lawrence because he suffered from a number of medical conditions including diabetes, blood clots, PTSD, panic attacks, and heart conditions (Id.). Upon arrival at eight house and upon discovering he was to be housed on an upper deck of the cell house, Plaintiff presented Correctional Office Wise with his low bunk/low gallery permit (Id.). When Plaintiff arrived at his cell, he found out his cellmate also had a low bunk permit (Id. at 4). Plaintiff's cellmate informed Wise that he and Plaintiff both had low bunk permits (Id.).

The placement unit is responsible for placing inmates into different housing units and bunks according to their status and low bunk or low gallery permits (Doc. 31-1 at 6). A correctional officer does not have the authority to move an inmate to another cell without an order from a supervisor or the placement office (Doc. 31-2 at 2, Affidavit of Lance Wise). Defendant Wise does not recall the encounter on March 3, 2018 that Plaintiff describes in his Complaint (Id. at 1). Based on his practice and experience, if an inmate were being moved to a new cell and the inmate's cellmate also had a low bunk pass, Defendant would tell the placement officer that both inmates need to be moved to other cells (Id.).

On the evening of March 3, 2018, Plaintiff missed his insulin shot and when he went to chow, he was not provided a diabetic food bag because his name was not on the diabetic list (Doc. 31-1 at 7). At approximately 9:00 p.m., Plaintiff got up to go to the bathroom and became dizzy and fell off his upper bunk bed (Id. at 9). Plaintiff hit his shoulder, head, and tailbone (Id. at 10). Plaintiff's cellmate hit the emergency call button (Id.). Staff arrived and he was taken to the health

care unit (Id. at 10-11). Plaintiff had x-rays taken and stayed in the health care unit for a day and a half (Id. at 11).

**LEGAL STANDARD**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with

a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

The following circumstances are indicative of an objectively serious condition: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)); *see also Foelker v. Outagamie Cnty.,* 394 F.3d 510, 512-13 (7th Cir. 2005) ("A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

An inmate must also show that prison officials acted with a sufficiently culpable state of mind, namely deliberate indifference. Put another way, the plaintiff must demonstrate that the officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno*, 414 F.3d at 653. A plaintiff does not have to prove that his complaints were "literally ignored," but only that "the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes,* 546 F.3d at 524 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)). Negligence, gross negligence, or even recklessness as that term is used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823, F.2d 1068, 1072 (7th Cir. 1987). Also, "mere disagreement with the course of the inmate's medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

## ANALYSIS

Plaintiff alleges he told Defendant Wise that he had a low bunk permit and Defendant should have fixed the problem with his bunk assignment. There is no evidence in the record, however, to show Defendant Wise was aware the assignment of an upper bunk posed an excessive risk to Plaintiff's health. A lower-bunk permit does not supplant that framework for Eighth Amendment claims. *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Medical personnel issue lower-bunk directives for reasons that do not imply the existence of a "serious" health problem. *Id*. Plaintiff's lower-bunk assignment may have been well justified, but there is no evidence Defendant knew the details, consequences, and appropriate accommodations of Plaintiff's medical condition. Even if Plaintiff could prove an objectively serious medical condition, there is no evidence Defendant acted with deliberate indifference. Assuming Defendant failed to contact the placement office to have Plaintiff moved, this would constitute, at most negligence, which is not actionable under the Eighth Amendment. Additionally, Defendant was not allocated the duty of bunk assignments. There is no evidence in the record Defendant had any personal involvement in Plaintiff's cell assignment. Defendant Wise cannot be held responsible for any misconduct of others. Defendant is entitled to summary judgment.[1]

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendant (Doc. 31) is **GRANTED**. The Clerk shall enter judgment in favor of Defendant Wise and against Plaintiff.

---

[1] Defendant also asserts that he is entitled to qualified immunity on Plaintiff's claims. Because the Court has concluded that the evidence does not create a genuine issue of material fact as to whether Defendant violated Plaintiff's Eighth Amendment rights, it will not address the issue of qualified immunity.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:   February 18, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**